UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN RE: David S. Brown

CHAPTER 13
CASE NO: 18-32677
JUDGE DANIEL S. OPPERMAN

DEBTOR(S)
_____/

**STIPULATION FOR ENTRY OF ORDER ALLOWING DEBTORS TO ENTER INTO A TRIAL MORTGAGE LOAN MODIFICATION WITH AND AUTHORIZING THE CHAPTER 13 TRUSTEE TO DISBURSE TRIAL PERIOD PAYMENTS**

This matter comes before the Court upon the Stipulation of the Debtors, their attorney, and the Chapter 13 Trustee. This Stipulation is brought on an ex-parte basis. Prior notice has not been provided to interested parties because the delay cause by the notice may cause irreparable harm. The debtors have been offered a trial loan modification of their current mortgage. Due to time constraints imposed by the terms of the modification, Debtors believe that the request for relief is appropriate for consideration without prior notice to interested parties.

**WHEREFORE** the Trustee and Debtors hereby stipulate as follows:

1. The parties and terms of the proposed modification include:

   Mortgage Creditor/Servicer: Further Opportunity, LLC / FCI Lender Services, Inc.
   Borrower Name(s): David S. Brown
   Property Address: 14271 Woodbury Road, Haslett, MI 48840
   Mortgage Account No: 9160035344
   Proposed Down Payment: 1 Payment in the amount of $2,000.00
   Down Payment Due: On or about April 1, 2019
   Proposed Modified Trial Payment: 12 Trial Payments in the amount of $1,299.17
   First Trial Payment Due: May 1, 2019

2. The Chapter 13 Trustee shall disburse twelve (12) Trial Payments to debtors' Mortgage Creditor in the amount of $1,299.17 as follows:

   a. First Trial Payment Due: May 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   b. Second Trial Payment Due: June 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   c. Third Trial Payment Due: July 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   d. Fourth Trial Payment Due: August 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   e. Fifth Trial Payment Due: September 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

f. Sixth Trial Payment Due: October 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

g. Seventh Trial Payment Due: November 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

h. Eighth Trial Payment Due: December 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

i. Ninth Trial Payment Due: January 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

j. Tenth Trial Payment Due: February 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

k. Eleventh Trial Payment Due: March 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

l. Twelfth Trial Payment Due: April 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

**THE TRUSTEE'S DISBURSEMENTS SHALL BE MADE PAYABLE TO FCI LENDER SERVICES, INC AND SHALL BE MAILED TO THE CREDITOR AT THE FOLLOWING ADDRESS:**
**FCI LENDER SERVICES, INC.**
**PO BOX 27370**
**ANAHEIM HILLS, CA 92808**

3. The Chapter 13 Trustee shall not disburse on the pre-confirmation arrearage claim until further order of this Court granting a permanent loan modification or a correspondence from the Creditor indicating that the loan modification was denied.

4. The Chapter 13 Trustee is authorized to continue the post-trial period payments within the Trustee's regular disbursement cycle to the Creditor in the amount of the Trial Payment consistent with the terms provided in the attached Loan Modification Agreement (See EXHIBIT) until further order of the court. In the event the final modification is denied or the terms altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

5. Within 28 days of the last payment under the trial modification, debtors must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

6. If the Loan Modification is made permanent, the creditor is to either file amendments to the creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the creditor does not file the amendments, the debtors shall file a modification of the plan addressing the modifications of the claim consistent with the terms of the final loan modification.

7. Within 7 days of the entry of this order, debtor's counsel shall serve a copy of the order on the Mortgage Creditor and their attorney of record. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's Proof of Claim and any other address where the creditor has specifically requested notice.

Stipulated and approved for entry:

/s/ _for CLB_
Carl L. Bekofske
Standing Chapter 13 Trustee
400 N. Saginaw St., Ste. 331
Flint, MI 48502
(810)238-4675
Ecf@flint13.com
P10645

4/3/19

Stipulated and approved for entry:

    Brett Border
/s/ _____
 Brett Border P65534
Attorney for Debtor(s)
24725 West 12 Mile Road Suite 110
Southfield, Michigan 48034
bborder@savedme.com
248-945-1111

_Creditor_

Erik Sten, CEO, Further Opportunity LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN RE: David S. Brown

CHAPTER 13
CASE NO: 18-32677
JUDGE DANIEL S. OPPERMAN

DEBTOR(S)
_____/

## ORDER ALLOWING DEBTORS TO ENTER INTO A TRIAL MORTGAGE LOAN MODIFICATION WITH AND AUTHORIZING THE CHAPTER 13 TRUSTEE TO DISBURSE TRIAL PERIOD PAYMENTS

Upon Stipulation of the Debtors, their attorney and the Chapter 13 Trustee, and the Court being fully advised of the said premises. The proposed modification is a twelve (12) month trial period.

**IT IS HEREBY ORDERED** that the parties and terms of the proposed modification include:

Mortgage Creditor/Servicer: Further Opportunity, LLC / FCI Lender Services, Inc.
Borrower Name(s): David S. Brown
Property Address: 14271 Woodbury Road, Haslett, MI 48840
Mortgage Account No: 9160035344
Proposed Down Payment: 1 Payment in the amount of $2,000.00
Down Payment Due: On or about April 1, 2019
Proposed Modified Trial Payment: 12 Trial Payments in the amount of $1,299.17
First Trial Payment Due: May 1, 2019

8. **IT IS FURTHER ORDERED** that the Chapter 13 Trustee shall disburse twelve (12) Trial Payments to debtors' Mortgage Creditor in the amount of $1,299.17 as follows:

   m. First Trial Payment Due: May 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   n. Second Trial Payment Due: June 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   o. Third Trial Payment Due: July 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   p. Fourth Trial Payment Due: August 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   q. Fifth Trial Payment Due: September 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   r. Sixth Trial Payment Due: October 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
   s. Seventh Trial Payment Due: November 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

t. Eighth Trial Payment Due: December 1, 2019. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
u. Ninth Trial Payment Due: January 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
v. Tenth Trial Payment Due: February 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
w. Eleventh Trial Payment Due: March 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.
x. Twelfth Trial Payment Due: April 1, 2020. The Trustee shall disburse this trial payment from available funds by manual check upon entry of this Order and shall attempt to ensure delivery of the check is delivered to the creditor before the due date indicated.

**THE TRUSTEE'S DISBURSEMENTS SHALL BE MADE PAYABLE <u>FCI LENDER SERVICES, INC</u> AND SHALL BE MAILED TO THE CREDITOR AT THE FOLLOWING ADDRESS:**
**FCI LENDER SERVICES, INC.**
**PO BOX 27370**
**ANAHEIM HILLS, CA 92808**

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee shall not disburse on the pre-confirmation arrearage claim until further order of this Court granting a permanent loan modification or a correspondence from the Creditor indicating that the loan modification was denied.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee is authorized to continue the post-trial period payments within the Trustee's regular disbursement cycle to the Creditor in the amount of the Trial Payment consistent with the terms provided in the attached Loan Modification Agreement (See EXHIBIT) until further order of the court. In the event the final modification is denied or the terms altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

**IT IS FURTHER ORDERED** that within 28 days of the last payment under the trial modification, debtors must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

**IT IS FURTHER ORDERED** that if the Loan Modification is made permanent, the creditor is to either file amendments to the creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the creditor does not file the amendments, the debtors shall file a modification of the plan addressing the modifications of the claim consistent with the terms of the final loan modification.

**IT IS FURTHER ORDERED** that within 7 days of the entry of this order, debtor's counsel shall serve a copy of the order on the Mortgage Creditor and their attorney of record. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's Proof of Claim and any other address where the creditor has specifically requested notice.

# EXHIBIT

Loan No.: **9160035344**

## FORBEARANCE TO LOAN MODIFICATION AGREEMENT

This Trial Loan Modification Agreement (this "Agreement") is made and entered into as of February 27, 2019, by and between **David Brown** ("Consumer") and **Further Opportunity, LLC** ("Lender"), with reference to the following facts and circumstances:

RECITALS

A. Lender or its predecessor in interest made a loan (the "Loan") to Consumers in the original principal amount of Two Hundred Seventeen Thousand Six Hundred Dollars 00/100 ($217,600.00) evidenced by that certain "Interest First Adjustable Rate Note" (the "Note") and other related loan agreements and documents, (collectively, the "Loan Documents"). The Note is secured by real and personal property collateral including, without limitation, a Mortgage (the "Mortgage") dated February 8, 2007 encumbering certain real property located at: **14271 Woodbury Road, Haslett, MI 48840** (the "Property") and improvements thereto.

B. The current Unpaid Principal Balance (UPB) of the Note is **$236,748.52** with interest thereon at a rate of **5.00% [FIXED]** per annum from **March 1, 2017**. The current Suspense Balance is **$305.92**. The current maturity date of the Note is June 1, 2051. The Current Unpaid Interest on the Note is **$24,661.30**; Current unpaid/accrued Late Charges on the Note total **$941.60** ("Accrued/Unpaid Late Charges"), Estimated Unpaid Loan Charges on the Note total **$5,001.00** (Loan Modification Fee Included). The escrow Balance is negative **$1,849.96**. Total amount to bring the loan current is **$32,453.86** good through **March 1, 2019**. Consumer is in default of the Note and Loan Documents for failure to pay the **March 1, 2017** through **February 1, 2019** installments plus all accrued late charges, etc.

WHEREAS, Consumer(s) is the owner or is about to become the owner of the real property described in said Mortgage subject to the lien thereof, and I fully understand that in your acceptance of these funds you are not waiving the provisions or your rights to foreclose on my property in any way whatsoever, in any of the paragraphs incorporated or incorporated by reference, into that certain Mortgage in connection with my loan referred to above.

WHEREFORE, IN CONSIDERATION OF THE FOREGOING AND THE MUTUAL CONDITIONS AND AGREEMENTS CONTAINED HEREIN, CONSUMER AND LENDER AGREE AS FOLLOWS:

1. **Down Payment:** Borrower to send a Down Payment in the amount of $2,000.00 on or before April 1, 2019. This amount shall be applied to the Negative Escrow Balance in the amount of $1,849.96 to balance out to zero ($0.00). The remaining $150.04 will be combined with the current suspense balance in the amount of $305.92 for a total of $455.96 and be applied to the escrow account. Consumer must provide proof of valid homeowner's insurance as well as proof that all current and delinquent taxes are paid in full.

2. **Forbearance Payment:** Consumer(s) promises to begin Forbearance Plan payments commencing May 1, 2019 through April 1, 2020, each month in the amount of $1,299.17 as outlined below and with the due date as follows for each payment and succeeding month thereafter.

| Installment Amount | Due Date   | Consistency of Installment |
|--------------------|------------|----------------------------|
| $1,299.17          | 05/01/2019 | $622.25 to arrears and $676.92 to Escrow (T) |
| $1,299.17          | 06/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17          | 07/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17          | 08/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |

| $1,299.17 | 09/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| --- | --- | --- |
| $1,299.17 | 10/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17 | 11/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17 | 12/01/2019 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17 | 01/01/2020 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17 | 02/01/2020 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17 | 03/01/2020 | $1,137.33 to arrears and $161.84 to Escrow (T) |
| $1,299.17 | 04/01/2020 | $1,137.33 to arrears and $161.84 to Escrow (T) |

**The Forbearance Plan payments shall be accepted and applied at Lenders discretion. Failure to complete the twelve (12) monthly Forbearance Plan payments on time may result in Foreclosure action with no further notices to the Consumer(s).**

3. **Loan Modification Terms:** **If all payments and terms have been met successfully by the Consumer during the twelve (12) month Forbearance Plan, proof of valid homeowner's insurance and proof that all current and delinquent taxes are paid in full, the Lender agrees to permanently modify the loan. The New Unpaid Principal Balance shall be reduced to $210,000.00 and the remaining arrears shall be waived. The Lender agrees to bring the account contractually current and due for May 1, 2020 with an Interest Rate of 5.00% [Fixed] and monthly payment of $1,289.17 which consists of Principal and Interest (P&I) in the amount of $1,127.33 and Taxes only (T) in the amount of $161.84. Payments are due on the 1st day of each succeeding month thereafter until principal and interest are paid in full. The Grace period will remain at 15 days.** The payment does not include homeowner's insurance, which is to be paid separately by Consumer. Consumer shall be fully responsible for paying any "delinquent" Property Taxes and Homeowners Insurance that became due prior to the effective date of the loan being modified and shall show proof to Lender upon request. **The loan maturity date extended to April 1, 2049.**

4. **Interest Rate.** Lender agrees that the interest rate at which interest accrues on the unpaid principal balance of the Note will be reduced to **5.00% [Fixed]**, which shall remain fixed through the Maturity Date of **April 1, 2049.**

5. **Payments:** Consumer shall send all payments to: **FCI LENDER SERVICES, INC., P.O. BOX 27370, ANAHEIM HILLS, CA 92808;** 1-800-931-2424, Monday-Friday 8:00 am to 5:00 pm (PST).

6. **Conditions:** Lender's agreement to forbear and modify loan shall be subject to Consumer full and timely satisfaction of all the terms listed in this Agreement and the following conditions:
    a. Insurance and Property Taxes. At all times during the term of this agreement Consumer must 1) Maintain adequate homeowner's insurance; and 2) keep all property taxes and utilities paid current.
    b. Application of Payments upon Cancellation. If this Agreement is cancelled due to Consumer's non-compliance, the Loan will revert retroactively back to the original terms.
    c. Termination. Lender's agreement to defer, forbear and modify loan shall automatically terminate, without further notice, act or instrument, upon the occurrence of any of the following events:
       - If a petition for relief under any federal or state bankruptcy, reorganization or insolvency statute or law is filed by or against Consumer or any guarantor of the Loan or any general partner of Consumer or of any guarantor of the Loan after the Effective Date of this agreement; or
       - Consumer fails to timely perform and observe any of the covenants, agreements and obligations contained in the Loan Documents, except for the obligation of the Consumer to make payments of Principal and interest; or
       - Consumer fails to timely perform any of the other covenants, agreements and obligations set forth in this Agreement; or
       - Consumer fails to pay off the Note (in full) on or before 5:00 p.m. (Pacific Time) on the Maturity Date set forth in this Agreement; or

- If all or any part of the Property or any interest in, is sold or transferred (or if Consumer's are not a natural person and a beneficial interest in; Consumers have sold or transferred) without Lender's prior written consent,

Lender may require immediate payment in full of all sums secured by the Security Instrument. If Lender exercises this option, Lender shall give Consumer notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Consumer must pay all sums secured by the Security Instrument. If Consumer fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Consumer.

7. **Termination of Loan Modification.** In the event Consumer default as hereinabove defined, then all loan modifications agreed to in writing by Lender shall be null and void, and thereafter all terms of the Mortgage shall revert back to their original terms and condition, as if this Agreement had no force or effect and **Further Opportunity, LLC** ("Lender") at its option continue with foreclosure. The undersigned parties hereby agree to waive any defenses as to the enforcement of any default in the terms of this Agreement and judgement for foreclosure upon any default in the terms of the Agreement. Any waiver of arrears and Unpaid Principal Balance reductions shall be null and void and shall be added back to the balance of the loan.

8. **Meaning of Terms.** All terms and/or phrases used in this Agreement shall have the respective meanings ascribed to them in the Loan Documents except as otherwise defined herein to the contrary.

9. **Conditions.** Lender's obligations hereunder and Consumer's ability to enforce this Agreement are subject to and conditioned upon the following: (i) the Mortgage has suffered no loss of priority as against other liens or encumbrances recorded against the Property; and (ii) Consumer and any guarantor(s) of the Loan shall have executed and delivered a copy of this Agreement to Lender.

10. **Release of Lender:** In consideration of Lender's modification of the Loan Documents under this Agreement, Consumer hereby waives and releases Lender from any and all actions, causes of action, claims, damages, demands, liability and loss arising from or relating to the Loan, including, but not limited to, Consumer's original loan applications and the making, funding and administration of such loan.

11. **Advice from Financial Advisor.** The parties understand that this is a legally binding agreement that may affect such party's rights. Each party represents to the other that it had the opportunity to receive financial and/or legal advice from the advisor and/or counsel of its choice regarding the meaning and legal significance of this Agreement and that it is satisfied with any advice received from such advisor and/or legal counsel.

12. **No Coercion.** Consumer acknowledges and represents to Lender that in entering into this Agreement, Consumer has not been subjected to any coercion or any other undue influence, and has exercised Consumer's own free will

13. **Miscellaneous.**
    i. **Entire Agreement.** This Agreement represents the entire integrated agreement between the parties relating to the subject matter of this Agreement. The parties agree that there are no other agreements or understandings, written or oral, express or implied, tacit or otherwise in respect of the subject matter of this Agreement. This Agreement may be amended only in writing.

ii. **Attorneys' Fees.** If any action is threatened or commenced to interpret or enforce the terms and provisions of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs of suit from the other.

iii. **Fair Meaning.** This Agreement shall be interpreted according to its fair meaning and not for or against any party hereto or the drafter of the agreement. This Agreement has been negotiated between independent counsels separately representing each party to this Agreement.

iv. **Cooperation.** The parties hereto agree to cooperate with each other to the extent necessary to affect the purposes of this Agreement, including without limitation executing additional documents, providing introductions to other persons and providing copies of books and records.

v. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. This Agreement may be executed by facsimile signatures which shall be deemed original signatures for all purposes.

vi. **Successors and Assigns.** This Agreement shall bind the successors, assigns, heirs, administrators and executrixes of each party hereto.

vii. **Sole Parties.** This Agreement is made exclusively for the benefit of and solely for the protection of the parties hereto, and no other person or persons shall have the right to enforce the provisions hereof by action or legal proceedings or otherwise.

This agreement has been solely negotiated between the consumer and lender. FCI Lender Services will not be liable for any disputes arising out of this expedited agreement. Each party will hold harmless and indemnify FCI Lender Services for the facilitation of this document.

No changes to the FCI Lender Services system will be made without the signed agreement from the consumer and the majority approval of the lender.

IN WITNESS WHEREOF, the parties have executed and entered into this Agreement as of the day and year first above written.

**LENDER:** If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement.

By: _____       04/02/2019
      Further Opportunity, LLC                   **Date**

**CONSUMER:** If you are in agreement with the Modified Terms, please sign in the space provided below of this Loan Modification Agreement in the presence of a Notary.

## MORTGAGOR'S SIGNATURE AND NOTARY SECTION

_____     ___3/28/19___
**Borrower Signature: David Brown**                Date

WITNESS the hand and Seals of the undersigned parties, this _28th_ day of _March_ 2019.

_____
Notary Public

STEPHEN D. FORTINO
NOTARY PUBLIC, STATE OF MI
COUNTY OF EATON
MY COMMISSION EXPIRES Jun 16, 2023
ACTING IN COUNTY OF _Ingham_

Notary Public for the County of _Eaton_ State of _MI_ My Commission Expires _6/16/2023_ (Seal)

```
Print Date: 03/06/2019                    2018                    Recpt No:  00001361
Recpt Date: 02/07/2019              Official Winter Tax Receipt
                                        WOODHULL TWP
                                      78013-33-100-016

WOODHULL TOWNSHIP                        Received of:
                                         BROWN DAVID S
                                         14271 WOODBURY ROAD
                                         HASLETT MI 48840


TAXABLE:    62,891  SEV:      72,900  SCHL: 78080
PRE/MBT:   100.0000 CLASS:  401
```

**PREVIOUS PAYMENTS**                                    **PREVIOUS PAYMENTS**

| Date | Chk # | Amount | Date | Chk # | Amount |
|------|-------|--------|------|-------|--------|

**** CURRENT PAYMENT ****

| Date | Chk # | Amount |
|------|-------|--------|
| 02/07/2019 | 050422 | 935.91 |
|  | Total Recvd: | 935.91 |

DETAILED BREAKDOWN OF BILLING/PAYMENTS FOR 78013-33-100-016

| DESCRIPTION | MILLAGE | Tax Billed | Total Paid | BALANCE |
|---|---|---|---|---|
| SENIORS | 0.4300 | 27.04 | 27.04 | 0.00 |
| MED CARE | 1.9948 | 125.45 | 125.45 | 0.00 |
| MSU EXT | 0.0757 | 4.76 | 4.76 | 0.00 |
| VETERANS | 0.1000 | 6.28 | 6.28 | 0.00 |
| TWP OPER | 0.9916 | 62.36 | 62.36 | 0.00 |
| TWP FIRE | 0.9890 | 62.19 | 62.19 | 0.00 |
| SCH OPER | 9.0000 | 0.00 | 0.00 | 0.00 |
| SCH DEBT | 3.8000 | 238.98 | 238.98 | 0.00 |
| SHIAWASSEE RESA | 4.4668 | 280.92 | 280.92 | 0.00 |
| VETERAN SERVICES | 0.1994 | 12.54 | 12.54 | 0.00 |
| SCH SINKING | 0.5000 | 31.44 | 31.44 | 0.00 |
| LOOKING GLASS RI | 0.0000 | 30.00 | 30.00 | 0.00 |
| LSW AMB | 0.0000 | 45.00 | 45.00 | 0.00 |
| Admin Fee |  | 8.95 | 8.95 | 0.00 |
| Interest/Pen |  | 0.00 | 0.00 | 0.00 |
| Over Payments |  | 0.00 | 0.00 | 0.00 |
| TOTALS --------> | 22.54730 | 935.91 | 935.91 | 0.00 |

```
CNTY: 01/01 - 12/31        Twn: 04/01 - 03/31
SCHL: 07/01 - 06/30        ST : 10/01 - 09/30

Property Description                        Addr: 14271 WOODBURY
SEC 33, T5N, R1E COM AT NW COR OF S 1/2 OF NW 1/4, E
ALG 1/8 LN 515 FT TO CENTER OF DRAIN, S ALG CENTER OF
DRAIN TO A LN 290 FT DUE S OF 1/8 LN, W 497 FT, N 290
FT TO BEG 3.3 ACRES


        To: BROWN DAVID S
            14271 WOODBURY ROAD
            HASLETT MI 48840
```



Citizens Insurance.
*A company of The Hanover Insurance Group*

| 1H | AMENDED DECLARATION | XS |
|---|---|---|

**EFFECTIVE 03/13/19**

**HOMEOWNERS POLICY**

**REASON FOR AMENDMENT: DELETE COVERAGE**

| POLICY NUMBER | POLICY PERIOD | | COVERAGE IS PROVIDED IN THE | AGENCY CODE |
|---|---|---|---|---|
| H4H 7680530 | FROM 12/08/18 | TO 12/08/19 | CITIZENS INS CO OF AMERICA<br>808 N.Highlander Way, Howell, MI 48843 | 030024200 |

| NAMED INSURED AND ADDRESS | AGENT |
|---|---|
| DAVID S BROWN<br>14271 WOODBURY RD<br>HASLETT, MI 48840 | TELEPHONE: 517-351-4188<br>AL BOURDEAU INSURANCE AGY<br>SUITE 1<br>2660 E GRAND RIVER AVE<br>EAST LANSING, MI 48823 |

```
POLICY PERIOD- 12:01 A.M. STANDARD TIME AT THE RESIDENCE PREMISES

THE PREMISES COVERED BY THIS POLICY IS LOCATED AT THE ABOVE ADDRESS.

CONSTRUCTION   PREM.    NO. OF    TERR.   PROT.   YR.     SECTION I LOSS        SEAS/SEC
               GROUP     FAM.             CODE   CONST.    DEDUCTIBLE
  FRAME         403        1        45     09      10    $ 500 PER OCCURRENCE     NO
COVERAGE IS PROVIDED WHERE A PREMIUM OR A LIMIT OF LIABILITY IS SHOWN
SECTION I COVERAGE                         LIMIT OF LIABILITY             PREMIUMS
   A. DWELLING                                  $322,000                  $3,388.00
   B. OTHER STRUCTURES                           $32,200
   C. PERSONAL PROPERTY                         $225,400
   D. LOSS OF USE                                $64,400
     NO CLAIMS PAID - REDUCE DEDUCTABLE BY     $ 160
SECTION II COVERAGE
   E. PERSONAL LIABILITY                       $500,000 EACH OCCURRENCE
   F. MEDICAL PAY. TO OTHERS -                   $2,000 EACH PERSON           $27.00
                  TOTAL BASIC PREMIUM - - - - - - - - - - - - -           $3,415.00
ADDITIONAL PREMIUMS
   CITIZEN'S BEST                                                             $5.00
   HOMEOWNERS DELUXE                                                         $84.00
   EXTENDED DWELLING REPLACEMENT COST                                        $15.00
   WATER BACK UP AND SUMP OVERFLOW ENDORSEMENT.                              $43.00
   FINE ARTS - INLAND MARINE COVERAGE                                         $9.00
                  TOTAL ADDITIONAL PREMIUMS - - - - - - - - - -             $156.00
RATING CREDITS
   GROUP DISCOUNT APPLIES                                                  INCLUDED
INSURANCE SCORE - 819

VALUED CUSTOMER CREDITS
   CREDIT FOR PROTECTIVE DEVICES                                          $136.00CR
   22% CREDIT FOR INSURING BOTH YOUR AUTO AND HOME WITH US                $745.00CR
         TOTAL VALUED CUSTOMER CREDITS                                    $881.00CR
                  TOTAL CREDITS - - - - - - - - - - - - - - - -          $881.00CR

                  TOTAL PREMIUM ADJUSTMENTS - - - - - - - - - -           $725.00CR
                  TOTAL ANNUAL PREMIUM - - - - - - - - - - - -           $2,690.00

   PREV PREMIUM  $2,723.00  CHANGE     $33.00CR     CHANGE IN PREMIUM      $24.41CR

MORTGAGEE
   FURTHER OPPORTUNITIES LLC
   LN# 9160011044
   PO BOX 200053
   KENNESAW, GA 30156
```

| 1H | | AMENDED DECLARATION | XS |
|---|---|---|---|

EFFECTIVE 03/13/19

H O M E O W N E R S  P O L I C Y

**REASON FOR AMENDMENT: DELETE COVERAGE**

| POLICY NUMBER | POLICY PERIOD | | COVERAGE IS PROVIDED IN THE | AGENCY CODE |
|---|---|---|---|---|
| H4H 7680530 | FROM 12/08/18 | TO 12/08/19 | CITIZENS INS CO OF AMERICA<br>808 N.Highlander Way, Howell, MI 48843 | 030024200 |

| NAMED INSURED AND ADDRESS | AGENT |
|---|---|
| DAVID S BROWN<br>14271 WOODBURY RD<br>HASLETT, MI  48840 | TELEPHONE: 517-351-4188<br>AL BOURDEAU INSURANCE AGY<br>SUITE 1<br>2660 E GRAND RIVER AVE<br>EAST LANSING, MI  48823 |

```
GROUP NAME - CITIZENS BEST

FORMS AND ENDORSEMENTS - HO3 07/00, HO7121 04/15, HO7244 02/99, HO0589 11/96,
   HO7609 06/16, 231-5839 06/09, HO7050 10/92, HO7200 04/15, HO0594 09/05,
   231-5860 06/16, IM171 04/11.

DESCRIPTION OF ADDITIONAL COVERAGES

  LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA COVERAGE
     (HO-3) - SECTION I ONLY

  CITIZEN'S BEST

  HOMEOWNERS DELUXE

  EXTENDED DWELLING REPLACEMENT COST AT 150%


  WATER BACK UP AND SUMP OVERFLOW ENDORSEMENT
     AMOUNT OF LIABILITY IS $ 2500.

  CREDIT FOR PROTECTIVE DEVICES                              PERCENTAGE IS 04
  NON-SMOKER, DEADBOLT, FIRE EXTINGUISHER AND LOCAL ALARM CREDITS

  INLAND MARINE FINE ARTS
  01 DESC=ONE-OF-A-KIND WATERBURY GRANDFATHER CLOCK                 $12000

    TOTAL AMOUNT SCHEDULED IS $   12000. TERRITORY IS 01.
```

AUTHORIZED COMPANY REPRESENTATIVE
AL BOURDEAU INSURANCE AGY

DIRECT BILLED

03/13/19　　　　　　　　　　　　　　0851370908
ORIGINAL/INSURED